**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **ARMCORP CONSTRUCTION, INC.,** | : | |
| Plaintiff, | : | **CASE NO.** |
| vs. | : | **JUDGE** |
| **WINDOW SPECIALISTS, INC.,** | : | **COMPLAINT** |
| Defendant. | : | |

Now comes Plaintiff Armcorp Construction, Inc. ("Armcorp"), by and through undersigned counsel, and for its Complaint against Defendant Window Specialists, Inc. ("WSI"), states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. The claims stated in this Complaint arise out of and relate to a construction project located in Hamilton County, Ohio (*i.e.*, the Project).

2. At all times relevant herein, Armcorp was and continues to be a corporation organized under the laws of the State of Ohio with its principal place of business located in at 8511 State Route 703, Celina, Ohio 45822.

3. Armcorp is a commercial construction company primarily engaged in the business of providing general contracting services for the federal government on projects located in Ohio and Indiana.

4. WSI is corporation organized under the laws of the State of Pennsylvania with its principal place of business located at 127 N 8th Street, Suite 300, Lebanon, PA 17046.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

6. This Court has personal jurisdiction over WSI because WSI has conducted business in Hamilton County, Ohio.

7. This Court has specific jurisdiction over WSI because WSI purposefully availed itself of the privilege of conducting activities within Hamilton County, Ohio and WSI's activity within the forum give rise to Armcorp's claims.

8. Venue is proper under 28 U.S.C. § 1391(b) because all or a substantial part of the events or omissions giving rise to this action occurred in and/or were related to a construction project located in Hamilton County, Ohio.

## COMMON FACTS AND GENERAL ALLEGATIONS

9. Armcorp restates the preceding allegations as if fully rewritten herein.

10. Armcorp is the general contractor on a construction project for the Department of Veterans Affairs generally known as the Repair Exterior Walls Replace Windows Project 539-20-103 at the Cincinnati VA Medical Center (the "Project") located at 3200 Vine Street, Cincinnati, Ohio 45220.

11. On August 3, 2021, Armcorp and WSI entered into a subcontract agreement (the "Subcontract") for WSI to perform certain work on the Project. A true and accurate copy of the Subcontract is attached hereto as Exhibit A.

12. Pursuant to the Subcontract, WSI agreed to provide "[a]ll labor, materials, and equipment to demo existing windows as well as furnish and install aluminum storefront for window mark 1.6, 478 aluminum windows, decorative film at canteen storefront, and exterior caulking per VA project drawings, specifications, and scope of work." *See* Ex. A at p. 1.

75149167v3

13. In exchange for performing the above-mentioned work on the Project, Armcorp agreed to pay WSI the lump sum price of One Million Four Hundred Thirty-Two Thousand One Hundred Forty-Four 00/100 Dollars ($1,432,144).

14. On September 16, 2022, Armcorp placed WSI on notice that it had failed to perform its work under the Subcontract by failing to (i) perform the work in accordance with the construction schedule, (ii) perform work at the Project site, and (iii) communicate with Armcorp concerning WSI's performance of its work on the Project. A true and accurate copy of the September 16, 2022 letter from Armcorp to WSI (the "Notice of Default Letter") is attached hereto as Exhibit B.

15. WSI did not respond to the Notice of Default Letter.

16. Having received no response from WSI and with no work performed by WSI on the Project after receiving the Notice of Default Letter, Armcorp terminated WSI's Subcontract by virtue of a letter dated October 5, 2022 (the "Default Termination Letter"). A true and accurate copy of the Default Termination Letter is attached hereto as Exhibit C.

17. In the Default Termination Letter, Armcorp requested that WSI provide a response to Armcorp concerning Armcorp's default termination of WSI on or before October 12, 2022.

18. As of October 12, 2022, Armcorp paid WSI the sum of Forty-Eight Thousand Seven Hundred Fifty 00/100 Dollars ($48,750) for shop drawings and other on-site measurements.

19. Neither Armcorp nor its replacement subcontractor will be able to utilize any of the work performed by WSI for which Armcorp has paid WSI as stated above, and Armcorp will eventually pay for all of that same work to be performed again.

20. Subsequent to terminating WSI for default, Armcorp learned that WSI failed to pay its subcontractor, W J Higgins & Associates Inc. ("W J Higgins"), the sum of Fourteen Thousand

Four Hundred Seventy-Five 00/100 Dollars ($14,475) despite Armcorp having paid WSI for the work performed by W J Higgins.

21. W J Higgins has made a claim under the Miller Act, 40 U.S.C. § 3131, against Armcorp arising out of WSI's failure to pay W J Higgins for work performed on the Project.

22. WSI has not responded to the Default Termination Letter.

23. As a part of terminating WSI, Armcorp contacted numerous subcontractors to take over and perform the work originally to be performed by WSI.

24. Armcorp has engaged a replacement subcontractor, Bridge Street Glass ("BSG"), to perform the work that WSI was to perform under the Subcontract.

25. BSG has provided a lump sum price of One Million Eight Hundred Ten Thousand 00/100 Dollars ($1,810,000) to perform the work that WSI was to perform under the Subcontract for One Million Four Hundred Thirty-Two Thousand One Hundred Forty-Four 00/100 Dollars ($1,432,144). A true and accurate copy of BSG's Estimate is attached hereto as Exhibit D.

26. Accordingly, Armcorp will incur excess costs in the amount of Three Hundred Seventy-Seven Thousand Eight Hundred Fifty-Six 00/100 Dollars ($377,856) that would otherwise have been avoided but for WSI's failure to perform its work on the Project according to the Subcontract.

## COUNT I
**Breach of Contract**

27. Armcorp hereby incorporates by reference the preceding paragraphs of this Complaint as if fully rewritten herein.

28. The Subcontract constitutes a valid and binding contract between Armcorp and WSI for WSI to perform certain work on the Project.

29. WSI breached the Contract by: (i) failing to perform the work on the project without any legal justification; and (ii) failing to pay its subcontractors, including W J Higgins, for work performed by those subcontractors on the Project and despite having been paid by Armcorp.

30. As a direct and proximate result of WSI's breach of the Subcontract, Armcorp has suffered damages in the amount of Four Hundred Twenty-Six Thousand Six Hundred Six 00/100 Dollars ($426,606), which is comprised of the Three Hundred Seventy-Seven Thousand Eight Hundred Fifty-Six 00/100 Dollars ($377,856) of excess costs that will be incurred with BSG and the Forty-Eight Thousand Seven Hundred Fifty 00/100 Dollars ($48,750) which was paid to WSI for work that will need to be performed by BSG.

31. Armcorp hereby asserts its claim for such damages in the amount, or such other amount to be proven at trial, together with interest, costs, and attorneys' fees.

WHEREFORE, the Armcorp respectfully requests the following relief:

A. As to Count I, judgment in favor of Armcorp and against WSI awarding the Armcorp compensatory damages in the amount of Four Hundred Twenty-Six Thousand Six Hundred Six 00/100 Dollars ($426,606), or such other amount to be proven at trial, together with interest at the statutory rate and costs, plus reasonable attorneys' fees.

B. Such other and further relief that this Court deems just and proper.

Respectfully submitted,

 */s/ John A. Gambill*
John A. Gambill (0089733), Trial Attorney
William J. Beckley (0086831)
Taft Stettinius & Hollister LLP
41 S. High St., Suite 1800
Columbus, Ohio 43215
Direct Line: (614) 334-6114
Facsimile: (614) 221-2007
Email: jgambill@taftlaw.com
         wbeckley@taftlaw.com

*Counsel for Plaintiff Armcorp Construction, Inc.*

75149167v3